UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SOTO, | No. 2:06-cv-01612-MCE-DAD (consolidated cases) |
| Plaintiff, | |
| v. | **ORDER** |
| GREYHOUND LINES, INC., TU PHOUC NGUYEN, ENTERPRISE RENT-A-CAR COMPANY, and DOES 1 through 50, inclusive, | |
| Defendants. | |

----oo0oo----

In these consolidated proceedings, Plaintiffs seek personal injury damages as a result of a July 1, 2005 motor vehicle accident that occurred when the Greyhound bus in which they were passengers collided with a motor vehicle driven by Defendant Tu Phuoc Nguyen ("Defendant Nguyen").

Defendant Nguyen now moves for an order discharging him of any further liability given the tender, on his behalf, of the aggregate policy limits of insurance available to him as a result of the collision.

1

Nguyen has represented to the Court that he has been discharged through Chapter 7 bankruptcy proceedings of any liability for the accident, aside from his available insurance policy limits in the amount of $50,000.00, which were subsequently deposited with the Clerk of this Court on September 23, 2009.  Documentation to that effect has been submitted.  Defendant Nguyen accordingly asks that he be dismissed from this litigation.  No opposition to Defendant Nguyen's Motion has been made.

Faced with numerous and potentially conflicting claims to the available insurance funds, Defendant Nguyen's tender, or interpleader, of the policy proceeds represents an attempt to force the competing claimants to litigate entitlement to the funds between themselves. <u>Cripps v. Life Ins. Co. Of N. Am.</u>, 980 F.2d 1261, 1265 (9th Cir. 1992).  Once such funds are deposited, Nguyen can properly move for a discharge of liability as to any of the potential claimants.  <u>Cantu v. Resolution Trust Corp.</u>, 4 Cal. App. 4th 857, 874 (1992).  Once that first step in the interpleader process has been accomplished, the second stage involves an adjudication of the adverse claims between the competing claimants.  See <u>Metro Life Ins. Co. v. Billini</u>, 2007 WL 4209405 at *2 (E.D. Cal. 2007).

///
///
///
///
///
///

2

Given Defendant Nguyen's deposit of all insurance proceeds available to him, given his discharge in bankruptcy as to any other claims pending against him, and given the lack of any opposition to this Motion, Defendant Nguyen's Motion for Discharge (Docket No. 173) is hereby GRANTED.[1]  The hearing set for October 22, 2009 on Defendant's Motion is vacated.

Defendant Nguyen is discharged of any further liability to those individuals with competing claims against him as a result of the underlying July 1, 2005.  The consolidated lawsuits pending against Nguyen are accordingly dismissed, although entitlement to the interpled funds between the various competing Plaintiffs (the second stage of the interpleader process) has yet to be adjudicated.

IT IS SO ORDERED.

Dated: October 19, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).