UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARIA SOTO,

        Plaintiff,

   v.

GREYHOUND LINES, INC. et al.,

        Defendants.

No. 2:06-cv-01612-MCE-DAD
*(Consolidated cases)*

MEMORANDUM AND ORDER

Through this action and consolidated cases, Plaintiffs seek redress for injuries sustained during an automobile accident on July 1, 2005. Presently before this Court is a Motion by Defendant Enterprise Rent-A-Car of Oregon ("Defendant") requesting leave to modify the PreTrial Scheduling Order ("PTSO") by extending the time period for filing of dispositive motions.[1] All dispositive motions were required by said PTSO to be filed by May 15, 2009.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

1  As per Federal Rule of Civil Procedure 16, the Court is
2 normally required to enter a pretrial scheduling order within 120
3 days of the filing of the complaint. Fed. R. Civ. P. 16(b). The
4 scheduling order "controls the subsequent course of the action"
5 unless modified by the Court. Fed. R. Civ. P. 16(e). Orders
6 entered before the final pretrial conference may be modified upon
7 a showing of "good cause," but orders "following a final pretrial
8 conference shall be modified only to prevent manifest injustice."
9 Fed. R. Civ. P. 16(e). Here, the final pretrial conference will
10 not occur until May 6, 2010 (See Docket No. 172). Accordingly, a
11 "good cause" standard applies when ruling on Defendant's Motion.
12  Rule 16(b)'s "good cause" standard primarily considers the
13 diligence of the party seeking the amendment. Johnson v. Mammoth
14 Recreations, 975 F.2d 604, 609 (9th Cir. 1992). The district
15 court may modify the pretrial schedule "if it cannot reasonably
16 be met despite the diligence of the party seeking the extension."
17 Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment);
18 Id. Moreover, carelessness is not compatible with a finding of
19 diligence and offers no reason for a grant of relief. Id.
20 Although the existence or degree of prejudice to the party
21 opposing the modification might supply additional reasons to deny
22 a motion, the focus of the inquiry is upon the moving party's
23 reasons for seeking modification. If that party was not
24 diligent, the inquiry should end. Id.
25 ///
26 ///
27 ///
28 ///

1  Defendant's Motion falls short of the sufficient "good
2 cause" necessary to warrant modifying the PTSO.  The touchstone
3 of the "good cause" inquiry is diligence on the part of the
4 Defendant, and here Defendant's actions exist in near
5 contradiction to such a call.  The Graves Amendment was enacted
6 long before Defendant's dispositive motion deadline.  Defendant
7 was accorded fair and ample opportunity to raise the Graves
8 Amendment as a defense against liability.  The Court will not now
9 bend its own rules simply because Defendant's counsel failed to
10 timely discover this point of law.
11  It is unpersuasive that Defendant hired new counsel
12 following the dispositive motion deadline.  By agreeing to
13 represent Defendant, counsel stepped into the shoes of its
14 predecessor taking on all pre-existing responsibilities and
15 mandates.  The Court will not institute a rule in which hiring
16 new attorneys becomes the basis upon which the Court's Orders may
17 be modified.  To do so would open the floodgates to a world of
18 disgruntled parties seeking to side-step the deadlines of the
19 Court by hiring replacement counsel.  The PTSO exists to provide
20 clear direction and control of the action.  It will continue to
21 do so in this case.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3

Accordingly, Defendant's Motion requesting leave to modify the PTSO (Docket No. 175) is DENIED.

IT IS SO ORDERED.

Dated: February 2, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE