1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   MARIA SOTO, et al.,                    No. 2:06-cv-01612-MCE-DAD
                                            (consolidated and related
12            Plaintiffs,                    cases)

13       v.                                 **ORDER**

14   GREYHOUND LINES, INC.,
     et al.,
15
              Defendants.
16   _____/

17

18       On July 6, 2010, the day appointed for the commencement of

19   trial in this matter as to Plaintiff Sherman Kinard's claims,

20   Plaintiff Kinard, who was representing himself in *pro se*, failed

21   to appear at the appointed 9:00 a.m. time.  The Court

22   consequently dismissed Plaintiff Kinard's claims for failure to

23   prosecute.

24       At approximately 3:32 p.m. on July 6, 2010, after his case

25   had been dismissed as set forth above, Plaintiff Kinard filed a

26   request (Docket No. 253) that the case be continued for a period

27   of nine months.

28   ///

                                    1

1  Thereafter, on July 12, 2010, Kinard filed another document

2  (Docket No. 254) with this Court purporting both to be an appeal

3  of the dismissal rendered against him and yet another request

4  directed to this Court that the case be "reinstated" and

5  continued a sufficient period of time to permit Kinard to secure

6  additional legal representation.  In that document, Kinard states

7  that he believed his trial started at 2:00 p.m. rather than

8  9:00 a.m. on July 6, 2010.

9      While Plaintiff Kinard repeatedly complains that he has not

10  received proper notification from the Court in this matter,

11  examination of the docket belies that assertion.  A trial date of

12  July 6, 2010 at 9:00 a.m. was first set nearly one year ago, on

13  September 16, 2009 (Docket No. 172).  By his own admission (see

14  Docket No. 218), Plaintiff obtained a copy of the Court's Order

15  signed April 2, 2010 (Docket No. 195) which granted the request

16  of Kinard's former counsel to withdraw from this case, directly

17  from the Clerk of Court on April 8, 2008.  That Order

18  unequivocally advised Plaintiff that the previously scheduled

19  July 6, 2010 trial date remained in effect.  Additionally, the

20  Court's Final Pretrial Order of June 11, 2010 (Docket No. 238),

21  served upon Plaintiff Kinard at the address he provided in

22  Spokane, Washington, confirmed the date and time of trial as

23  July 6, 2010 at 9:00 a.m.  Significantly, Mr. Kinard himself

24  agrees in his July 12, 2010 filing (Docket No. 254, p. 4) that he

25  received a subsequent notice from the Court at that same address.

26  ///

27  ///

28  ///

2

1    Given the foregoing, Plaintiff Kinard's assertion that he
2  failed to receive proper notice of the trial date lacks merit.
3  At the May 28, 2010 Mandatory Status Conference held in this
4  matter after Plaintiff Kinard assumed the responsibility of his
5  own representation, the Court specifically admonished Kinard that
6  he would be held to the same standards as an attorney in adhering
7  to the Court's guidelines and directives.  He failed to do so and
8  his case was properly dismissed.  To the extent that Plaintiff
9  Kinard's letters filed July 6, 2010 and July 12, 2010 (Docket
10 Nos. 253 and 254) seek relief from that dismissal and additional
11 time to prepare his case, those requests are DENIED.
12    IT IS SO ORDERED.
13
   Dated: July 15, 2010
14
15
   _____
16 MORRISON C. ENGLAND, JR.
   UNITED STATES DISTRICT JUDGE
17
18
19
20
21
22
23
24
25
26
27
28

3